UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAUN MORSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1299 CAS |
| ) | |
| MTC TRUCK DRIVER TRAINING, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). The appointment of counsel for an indigent plaintiff in an Americans with Disabilities Act ("ADA") case lies within the discretion of the Court.[1]

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (citations omitted).

Three factors are generally considered relevant in evaluating a motion for appointment of counsel: (1) the plaintiff's in forma pauperis status; (2) the plaintiff's good faith efforts to secure counsel; and (3) whether plaintiff has established a prima facie claim of discrimination in the pleadings. See Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Nelson v.

---

[1]The ADA has incorporated by reference the powers, remedies and procedures of Title VII of the Civil Rights Act of 1964 contained in 42 U.S.C. §§ 2000e-4 to e-9. See 42 U.S.C. § 12117.

Redfield Lithograph Printing, 728 F.2d 1003, 1004-05 (8th Cir. 1984). The Court then attempts to evaluate the plaintiff's capacity to present the case adequately without aid of counsel. See In re Lane, 801 F.2d at 1043.

Plaintiff's financial affidavit establishes his in forma pauperis status. Plaintiff's motion for appointment of counsel asserts that he has been unable to retain counsel despite good faith efforts to do so. Finally, giving plaintiff's complaint the liberal construction due to pro se pleadings it appears plaintiff has alleged a nonfrivolous prima facie case of discrimination. Having considered these factors, the Court concludes that plaintiff and the Court would benefit from the assistance of counsel, as the legal issues presented in employment discrimination matters can be complex, and plaintiff is not likely to be able to readily gather and present the key facts underlying his claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **GRANTED**. [Doc. 4]

**IT IS FURTHER ORDERED** that Mr. Bruce C. Cohen, P.O. Box 11416, Clayton, Missouri 63105, telephone number (314) 721-1957, is appointed as counsel for the plaintiff. Counsel shall have thirty (30) days from the date of receipt of the Court file in which to file an amended complaint if deemed appropriate.

**Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order of January 15, 2008 concerning the Attorney Admission Fee Non-Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated January 15, 2008. The Order and Regulations, as well as form requests for compensation of services and reimbursement of expenses, may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide appointed counsel with a copy of the complete Court file.

**Under Local Rule 2.05(B), if the financial status of a party who has been granted in forma pauperis status changes (e.g., by obtaining employment, a salary increase, receipt of disability or other benefits, etc.), the party must promptly notify the Court in writing. Failure to notify the Court may result in dismissal of the case or other sanctions.**

 

 

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __15th__ day of September, 2008.